'FILED
SUPERIOR COURT
OF GUAM

2023 JUL 31 PM 4:48

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0229-17 |
| | GPD Report No. 17-11399 |
| | Criminal Case No. CF0555-18 |
| Plaintiff, | GPD Report No. 18-26486 |
| v. | |
| RYAN JAMES QUICHOCHO | **DECISION AND ORDER** |
| (*aka* RYAN JAMES OITERONG QUICHOCHO) | **GRANTING REVOCATION OF** |
| (*aka* RJ) | **PROBATION** |
| (*aka* SNOOP) | |
| (*aka* RYAN JAMES QUICHOCHO JR.) | |
| (*aka* RYAN JAMES JR. QUICHOCHO) | |
| DOB: 11/03/1989 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 4, 2023 for a Revocation Hearing in the above-captioned case related to Ryan James Quichocho's (*aka* Ryan James Oiterong Quichocho's) (*aka* RJ's) (*aka* Snoops's) (*aka* Ryan James Quichocho Jr.'s) (*aka* Ryan James Jr. Quichocho's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Alternate Public Defender Peter Santos in CF0555-18 and Assistant Public Defender Christian Spotanski in CF0229-17. The People of Guam were represented by Assistant Attorney General Christine Tenorio. Having duly considered the Parties' briefs, arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On May 17, 2018, a jury found Defendant guilty of Driving While Under the Influence of Alcohol (as a Misdemeanor) in CF0229-17. See CF0229-17 Judgment (Sep. 12, 2018). On April 2, 2019, Defendant pled guilty to Third Offender Driving While Impaired (as a 3rd Degree Felony) and Assault (as a Misdemeanor) (*Three Counts*) in CF0555-18. See CF0555-18 Judgment of Conviction (May 3, 2019). Judgments were entered imposing the following relevant conditions of probation:

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

- **MANDATORY TESTING:** Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office.

- **TREATMENT/COUNSELING:** Defendant shall report to the Probation Office for an assessment to determine if any treatment is necessary at the Guam Behavioral Health and Wellness Center or another provider. Defendant shall thereafter follow and compete all recommended treatment.

- **FINE:** Defendant shall pay a fine of two thousand dollars ($2,000.00) in CF0229-17 and a fine of four thousand dollars ($4,000.00) in CF0555-18.

- **COMMUNITY SERVICE:** Defendant shall perform seventy-five (75) hours of community service in CF0229-17 and one hundred twenty-five (125) hours of community service in CF0555-18.

- **COURT COSTS:** Defendant shall pay court costs of eighty dollars ($80.00).

- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant.

See CF0229-17 Judgment (Sep. 12, 2018); CF0555-18 Judgment of Conviction (May 3, 2019)

Defendant received his first violation two months after pleading in CF0229-17, when he was charged with Disorderly Conduct (as a Petty Misdemeanor) and Public Drunkenness (as a Violation) in CM0334-18. See CF0229-17 1st Violation Report (Jul. 25, 2018). Defendant was ultimately convicted of Disorderly Conduct (as a Petty Misdemeanor). See CM0334-18 Judgment of Conviction (May 17, 2019).

Defendant continued to disobey the laws of Guam in the following months when he was indicted on charges of Driving While Impaired (as a 3rd Degree Felony), Terrorizing (as a 3rd Degree Felony), and Assault (as a Misdemeanor) (*Three Counts*) in CF0555-18. See CF0229-17 2nd Violation Report (Sep. 19, 2018). Defendant was ultimately convicted of Third Offender Driving While Impaired (as a 3rd Degree Felony) and Assault (as a Misdemeanor) (*Three Counts*). See CF0555-18 Judgment of Conviction (May 3, 2019).

In June, 2019, another report was filed indicating that Defendant had failed to submit to a random drug test, failed to report to his New Beginnings treatment assessment appointment, failed to attend any AA meetings, failed to perform any of his community service hours, and failed to make any payments towards either his fines or his court costs. See Violation Report (Jun. 14, 2019).

In August, 2019, another report was filed indicating that Defendant tested positive for both methamphetamines and marijuana. See Violation Report (Aug. 1, 2019). Defendant did not contest the results, and admitted to using both drugs. Id.

In November, 2020, another report was filed indicating that Defendant hadn't reported to the Probation Office in over four months, that Defendant was not attending his required treatment

courses, and that he still hadn't made any progress in paying off either of his fines. See Violation Report (Nov. 16, 2020).

In April, 2022, another report was filed indicating that Defendant violated a court order from his March 30, 2022 Return of Warrant hearing when he failed to report to the Probation Office within seventy-two (72) hours from his release from custody. See Violation Report (Apr. 5, 2022).

In October, 2022, another report was filed indicating that Defendant hadn't reported to the Probation Office in three months, was not attending his required New Beginnings counseling sessions, had made virtually no progress in paying off either of his fines, was not complying with his court cost payment plan, and still hadn't completed his community service hours. See Violation Report (Oct. 5, 2022).

On October 17, 2022, the People filed their request to revoke Defendant's probation and impose sentence. See People's Motion to Revoke Defendant's Probation (Oct. 17, 2022). Defendant opposed revocation, stating that he will comply by his probationary terms in the future and that revocation is not appropriate given the circumstances. See CF0229-17 Opposition to People's Motion for Revocation of Probation (Mar. 28, 2023); CF0555-18 Opposition to People's Motion to Revoke Defendant's Probation (Apr. 11, 2023).

The Court held a Revocation Hearing on May 4, 2023. The Court then took the matter under advisement. See Minute Entry (May. 4, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the

suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to submit to random alcohol/drug testing, failing to refrain from using illegal controlled substances or marijuana, failing to pay off his court costs or fines, failing to complete his required community service hours, failing to attend treatment classes, failing to report to the

Adult Probation Office, and failing to comply with court orders. Defendant has also been charged and convicted in multiple cases (CM0334-18 & CF0555-18) since initially entering probation.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant accumulated several Violation Reports, showing a continuous and ongoing disregard towards following his probationary terms. Defendant's conduct was not a one-off event, and his violations cover over a half-dozen different probationary requirements.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Ryan James Quichocho's (*aka* Ryan James Oiterong Quichocho's) (*aka* RJ's) (*aka* Snoops's) (*aka* Ryan James Quichocho Jr.'s) (*aka* Ryan James Jr. Quichocho's) probation in the above-captioned matters.

The Defendant is hereby **SENTENCED** as follows:

- o In CF0229-17: Defendant is sentenced to **two (2) years incarceration** at the Department of Corrections, Mangilao with credit for time served.

- o In CF0555-18: Defendant is sentenced to **five (5) years incarceration** at the

Department of Corrections, Mangilao with credit for time served.

- o The periods of incarceration set forth above shall run **consecutive** to one another.

- o After the completion of the Defendant's sentences the Court shall close the above-captioned cases.

**IT IS SO ORDERED** on this July 31, 2020



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*AG, APD, PDSC*

Date: 7/31/20 Time: 4:54 PM

*CM*

Deputy Clerk, Superior Court of Guam